## WILLIAM GRIFFIN v. STATE OF MISSISSIPPI.

### [51 South. 466.]

CRIMINAL LAW AND PROCEDURE. *Forgery. Indictment. Certificate of school trustees. Code 1906, § 4563. Writing failing to purport liability. Extrinsic facts must be charged. Affirmative averments.*

Under Code 1906, § 4563, requiring teachers of public schools to report monthly to the superintendent of education the number of pupils who attended school, certified by two of the trustees, upon which the superintendent is to issue a pay certificate to the teacher:—

(a) An indictment for forging a certificate of the trustees, unaided by averment of extrinsic facts, cannot be predicated of a writing which does not purport to approve a report made or to be made; and

(b) Where extrinsic facts are necessary to be known and considered with the writing in order to establish forgery, an indictment failing to charge them is demurrable; and

(c) The indictment must charge that the persons whose names are averred to have been forged were trustees of the school, and a recital in the certificate to that effect will not aid the pleading.

FROM the circuit court of, first district, Chickasaw county. HON. JOHN H. MITCHELL, Judge.

Griffin, appellant, was indicted and tried for forgery, was convicted and sentenced to the penitentiary for three years, and appealed to the supreme court.

The indictment charges that appellant, being a public school teacher, forged an instrument of writing, set out in the opinion of the court, purporting to be a certificate of school trustees. He demurred to the indictment on the ground that it charged no offense under the laws of the state; the demurrer was overruled.

*Joe H. Ford,* for appellant.

The only statute under which this indictment could possibly be drawn is Code 1906, § 1187 (Code 1892, § 1106), which is a comprehensive statute covering generally the subject of forgery. Such code section punishes the falsely making, altering, forging or counterfeiting of any writing being or purporting to be the process issued by any competent court, magistrate, or officer, or any pleading in a court of law or equity, or being or purporting to be any certificate, order or allowance by any competent court, board, or officer, or any license or other writing purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, diminished or discharged, or by which any right or property shall be in some way affected, transferred, discharged, conveyed, or diminished, by which false making, counterfeiting, forging, or altering any person may be affected, bound or in any way injured in his person or property.

The certificate set out in the indictment does not create, increase, discharge, or diminish any pecuniary demand or obligation. Neither does it purport to convey, transfer, discharge, diminish, or in any way affect property rights of another, nor could the alteration, forging, or counterfeiting of the paper or writing set out in the indictment in any way affect, bind, or injure any one, in person or property. *Wilson v. State,* 85 Miss. 687, 38 South. 46.

But admitting that the instrument set out in the indictment is one the false making of which does constitute forgery under

the laws of this state, is the charge sufficiently laid in the indictment?

We understand the rule to be that where the instrument alleged to have been forged shows on its face that it has legal force and that others may be injured by it, it is sufficient to set out the writing itself in the indictment. But where the legal force of it is not apparent on its face, and its capacity to effect a fraud arises from extrinsic facts, such facts must be set out with such certainty as to make it judicially appear that the instrument is the subject of forgery. Bishop's Criminal Law, § 545; *France v. State,* 83 Miss. 281; *Russell v. State,* 40 South, 625; *Rembert v. State,* 53 Ala. 467; *State v. Weaver,* 84 N. C. 836; *State v. Covington,* 94 N. C. 913; *State v. Leo,* 32 South. 69; *King v. State,* 27 Tex. App. 567, 24 L. R. A. 42.

The indictment in this case should have alleged that the persons, whose names are forged to such certificates were trustees of the public school; the mere recital of such a fact in the certificate quoted in the indictment not being sufficient. The making of the report, together with the forgery of the certificate of the trustees of the school thereto, should have been alleged in the indictment. 2 Bishop Crim. Law, § 545; *Robert v. State,* 72 Miss. 110; *State v. Bronson,* 26 Iowa, 407, 96 Am. Dec. 158.

*George Butler,* assistant attorney-general, for appellee.

Code 1906, § 4563, requires the teachers of the public schools at the end of every scholastic month to make out from their register a report to the county superintendent of the pupils in attendance during the month, and the number of days each pupil has attended, which report must be approved and certified to by at least two of the school trustees, and upon the filing of such report, the superintendent is required to issue a pay certificate to the teacher.

The several code sections dealing with forgery are Code

1906, §§ 1174 to 1197 inclusive. The monthly school report, of course, is an instrument of which forgery is predicable, and the only question to be determined by this court is whether or not the indictment alleges such extrinsic facts as to constitute the offense. There is really nothing in the indictment to show that the appellant was a teacher of the school, nor is there anything to show that the alleged certificate of the trustees was attached to any monthly report.

It is a question of serious doubt as to whether or not this indictment is sufficient. The cases in our own books dealing with such indictments are *France v. State,* 83 Miss. 281, and *Mackguire v. State,* 91 Miss. 151. If it can be said that the certificate alone, independently, and apart from the monthly report, is an instrument of writing being or purporting to be the act of another by which a demand is created, then it was not necessary to allege any extrinsic facts. And in this connection, we call the attention of the court to Code 1906, § 1196, where such instruments are clearly defined.

SMITH, J., delivered the opinion of the court.

Appellant was convicted of forgery in the court below and appeals to this court.

The indictment alleged that the defendant "did unlawfully, falsely, and feloniously make, forge, and counterfeit a certain writing or paper, purporting to be a certificate of the trustees of Woodland public school, the tenor, purport, and effect of which is as follows: 'We, the trustees of Woodland public school, have examined and do approve this report, and do hereby certify that the teacher has taught the school twenty days during this scholastic month, and that one of the undersigned has visited said school during said month. Jim Killpatic, Osker McKinney, Thos. Skinner'—with the felonious intent then and there to injure and defraud the county of Chickasaw, in said state." To this indictment a demurrer was filed, which demurrer was by the court overruled.

Section 4563 of the Code of 1906 requires the teacher at the end of every scholastic month to make out from his register a report to the county superintendent of the pupils in attendance during the month and the number of days each pupil has attended, which report must be approved and certified to by at least two of the trustees, and upon the filing of said report the superintendent is required to issue a pay certificate to the teacher.

In order that a county may be affected or in any way injured by the forging of a certificate of the kind in question, such certificate must purport to approve a report in fact made, or purporting to have been made, by a teacher of a public school, as required by said section 4563. Such a certificate, disconnected from such a report, is not of any apparent legal efficacy. The making of such a report, or of an instrument purporting to be such, together with the forgery of the certificate of the trustees of the school thereto, should have been alleged in the indictment. Where extrinsic facts are necessary to be known and considered along with the writing, in order to constitute forgery, an indictment therefor must set out such facts, as well as the instrument itself. *France v. State,* 83 Miss. 281, 35 South. 313.

Moreover, the persons whose names are forged to such a certificate must be trustees of the public school, and this fact must be alleged and proved. The mere recital of such a fact in the certificate is not sufficient.

The judgment of the court below is reversed, the demurrer sustained, the indictment quashed, and the appellant held to await the action of another grand jury.

*Reversed.*