### STATE *v.* N. H. CHAPMAN.

[60 South. 722.]

FORGERY. *Indictment. Extrinsic facts.*

Where the effect of an instrument, alleged to be forged does not affirmatively and with sufficient clearness appear on its face, it is necessary to set forth in the indictment extraneous facts in order to invest the instrument with legal force and make it the subject of forgery.

APPEAL from the circuit court of Attala county.

HON. G. A. McLEAN, Judge.

N. H. Chapman was indicted for forgery. From an order sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for the state.

There are three essentials only in the crime of forgery: First, there must be a false making, or a false alteration of an instrument in writing; second, there must be a fraudulent intent; and third, the instrument must be apparently capable of effecting a fraud. 19 Cyc. 1373.

The forgery may consist in making the entire instrument, or in altering an existing one. 19 Cyc. 1373.

It is not necessary as an element of this offense that the defendant should succeed in defrauding anybody by the forgery but it is sufficient, and constitutes the whole offense and makes it complete if he forges the instrument with the intention of defrauding.

This proposition is well settled by the authorities: *State* v. *Cross,* 101 N. C. 770; *Denson* v. *State,* 122 Ala. 100; *Commonwealth* v. *Ladd,* 15 Mass. 526; *State* v. *Lurch,* 12 Ore. 99; *Scott* v. *State,* 40 Tex. 105; *Keeler* v. *State,* 15 Tex. App. 111.

One element of the offense which I have already stated, is that the instrument must be apparently capable of effecting a fraud, and it is unnecessary that the fraud should actually have been perpetrated.

In this case, the substitution of the amount to the credit of his note for thirty-four dollars and fifty-five cents was something essentially different from the original instrument which stated that the amount of credit to his account was thirty-four dollars and fifty-five cents, and therefore was such an alteration of the instrument of a material character as to enable the defendant to perpetrate a fraud on Sisson & Drane. In other words, it is evident on the face of the indictment that this alteration was material, and that he could have probably or apparently perpetrated a fraud on these parties by this forged instrument.

I therefore, respectfully submit to the court that the demurrer to this indictment should have been overruled, and the indictment sustained by the court.

*Teat & Niles,* attorneys for appellee.

Upon the examination of the indictment and the demurrer, it is apparent that it was necessary for the indictment to have set forth the extrinsic facts, advising the appellee the manner and means or possibilities of defrauding the said S. & D. If this appellee owed S. & D. nothing, and presented his receipt to them forged and for the purpose of recovering money out of S. & D. through fraud, it should have been alleged in the indictment, being a necessary extrinsic fact to the fraud. Again, if the appellee owed S. & D. some money on account, and also money on a note and this receipt had been forged for the purpose of gaining a credit upon a note then due and unpaid, and thus perpetrated a fraud, then it is apparent that this was a necessary extrinsic fact and should have been set forth in the bill of indictment. This exact point has been settled by a number of decisions of this court. In the case of *Griffin* v. *State,* 96 Miss. 309, Griffin was charged by indictment with the forgery of a school teacher's report, in which this court held, that it was necessary that the official character of such trustees, be set out in the bill of indictment and proven as an extrinsic fact.

In the case of *France* v. *State,* 83 Miss. 281, the instrument upon which the crime of forgery was predicated wās as follows:

"Port Gibson, Miss. Aug. 7, 1902.
"Mr. A. A. Tichte,

"Dear Sir: Lewis France, comes to me for note to you, he are living on my place and worked a tract this year and don't owe me anything, and he is alright and he has a good crop you can depend upon him. J. M. Flowers."

The court held in this case that the extrinsic facts should have been set forth in this indictment, alleging that Flowers was the landlord, and that this instrument was a waiver of the landlord's lien, and that the crop referred to in the writing was grown on the land of the said landlord, and that the said landlord's lien was thus affected by such instrument, if genuine.

As we understand the rule, it is this: Where the instrument alleged to have been forged shows on its face to have legal efficacy to defraud, it is sufficient to set out the writing in the indictment. But where the legal efficacy is not apparent upon its face, and its capacity to effect fraud exists in extrinsic facts, such facts must be set forth with certainty in the indictment and should be proven. Bishop's Criminal Law, 545; *Russell* v. *State,* 40 So. 625; *Robert* v. *State,* 72 Miss. 110; *Paythress* v. *State,* 40 So. 168; *Cox* v. *State,* 66 Miss. 14.

The tenth ground of demurrer is directed at that part of the indictment charging the appellee with the intent of cheating and defrauding other persons to the grand jury unknown. This method of pleading was emphatically condemned in the case of the *State* v. *Buchanan,* 75 Miss. 349.

We therefore submit that the action of the lower court in sustaining the demurrer was proper, that the indictment against this appellee is wholly insufficient, and does not charge any crime against the appellee.

REED, J., delivered the opinion of the Court.

Appellee was indicted for forgery, and a demurrer to the indictment was sustained. The indictment charged that appellee, "having in his possession a certain writing on paper purporting to be a bill or receipt of the tenor following, to wit: 'Oct. 23, 1904. 1 B/C by S. & D. from N. H. Chapman bought of —— S. & D. No. 135-475 44.65 weighing 10, cash to you 10.00, Amt Cr your a/c 34.55 44.65 44.65 S. & D.,' did then and there unlawfully, false-

ly, fraudulently and feloniously alter and change the said writing by then and there erasing from said bill or receipt and character 'a/c' in the last line thereof and by then and there inserting in lieu thereof the word 'note' so that the said writing and receipt or bill thereby became and then and there was of the tenor following, to wit: 'Oct. 23, 1904. I B/C by S. & D from N. H. Chapman bought of —— S. & D No. 135-470 44.65 weighing 10, cash to you 10.00 Amt Cr. your note 34.55 44.65 44.65 S. & D.,' with the felonious and fraudulent intent and in the attempt then and there and thereby to cheat, wrong, and defraud the said Sisson & Drane and other person to the grand jurors unknown out of their said $34.55, as aforesaid.''

It is contended that the instrument claimed to have been forged is not of apparent legal efficacy, and that it was necessary for the indictment to charge certain extrinsic facts in order to show that it was such an instrument as would or could defraud. In discussing the subject of the averment of extrinsic matter in a charge of forgery, Mr. Bishop in his Criminal Procedure (Vol. 2, p. 180) says: ''Where the nature, sort, or effect of the instrument does not affirmatively appear on *its face*, the extrinsic matter to show this must be alleged. If, for example, by usage, or in consequence of facts known to the parties, a writing incomplete in its terms is treated as a receipt or an order, or if initials are employed, instead of the full names, allegations supplying the omission become necessary.'' Mr. Wharton, in his Criminal Law (Vol. 1, section 740), on the same subject, says ''Where an instrument is incomplete on its face, so that as it stands it cannot be the basis of any legal liability, then, to make it the technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force. Thus, where an indictment charged that A did feloniously and fraudulently forge a certain writing, as follows: 'Mr. Bostick, charge A's

account to us, B and C,' with intent to defraud B and C,
it was held that the indictment was not valid without
charging that A was indebted to Bostick, as there could
be no fraud unless a debt existed.''

In *France* v. *State,* 83 Miss. 281, 35 South. 313, it is
decided that an indictment which charged the forgery of
the a writing, stating that a party was living on a place
of the writer, working a tract of land, and did not owe
the writer anything, and had a good crop, is insufficient
because it failed to state that the writer was the landlord
of the party, and had a lien as such. The court held
that the writing was one of which forgery is predicable,
but that it failed to disclose the necessary extrinsic facts.
In the case of *Griffin* v. *State,* 96 Miss. 309, 51 South.
466, it was held that an indictment for forging a certifi-
cate of school trustees was insufficient because it failed
to set out the making of a certain report which should
accompany such certificate, and failed to allege that the
persons whose names were forged were trustees of the
school, the court stating in the opinion that, ''where ex-
trinsic facts are necessary to be known and considered
along with the writing in order to constitute forgery, an
indictment therefor must set out such facts as well as the
instrument itself.''

A careful consideration of the indictment in the pres-
ent case leads us to the conclusion that there are extrinsic
facts necessary to be known along with the instrument
purporting to be the receipt, and that such facts should
be charged in the indictment. We do not believe that the
transaction which the indictment attempts to present can
be sufficiently extracted from the face of the instrument
itself. The effect of the instrument does not affirmatively
and with sufficient clearness appear on its face. In such
case it is necessary to set forth in the indictment extra-
neous facts in order to invest the instrument with legal
force, and make it the subject of forgery. For instance,
the indictment does not show that appellee owed money

upon an account and upon a note, nor is it shown that the forgery was for the purpose of obtaining a credit upon a note owing by appellee rather than upon account, and that such credit upon the note would be a fraud upon S. & D. In fact, the indictment fails to aver the full names of the persons meant by the initials "S. & D." The indictment is not sufficient to advise as to how appellee was attempting to perpetrate a fraud.

*Affirmed.*