ZISS *v.* STATE OF INDIANA

[No. 28,429. Filed March 28, 1949.]

*Benjamin F. Zieg, W. D. Hardy,* both of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor,* Deputy Attorney General, *Merl Wall,* Deputy Attorney General, for appellee.

STARR, C. J.—In this case the affidavit is in several counts. Each count charges the appellant with forging and uttering an application in writing to the Board of Registration of Vanderburgh County for the reinstatement of the registration for voting purposes of the person whose name purports to be signed to the application.

Appellant moved to quash each count of the affidavit: first, on the ground that it did not constitute a public offense; and, second, that it did not state the offense charged with sufficient certainty. This motion was overruled.

Upon his plea of not guilty a trial was had which resulted in a verdict of guilty upon each count. Sentence was passed from which this appeal is taken.

Appellant has assigned as errors the overruling of his motion to quash and the overruling of his motion for a new trial.

Our Indiana Election Code, among other things, provides for the registration of voters. Section 29-3401 et seq., Burns' 1933 (1946 Supp.). One of the sections of this Code being § 29-3418, Burns' 1933 (1946 Supp.), provides that during the month of January, following each general election, the clerk of the circuit court or board of registration shall examine the registration books and shall note the names of all persons who have

not voted at the primary or general election last preceding, and those who registered after such primary. Thereupon the clerk or said board shall send a notice by mail to each registered voter, in the form as provided by this section, who has failed to vote at such primary or general election, and who has not registered after such primary. This notice apprises the voter that his registration will be cancelled unless he applies for reinstatement within thirty days from the date of the notice. The voter is also advised by this notice that he can be reinstated by signing and returning to the clerk or board within said thirty days, a notice in the following form:

> "I hereby certify that I still reside at the address from which I am registered and am a legal voter of such precinct and hereby apply for reinstatement of registration.
>
>     SIGNED _____
>     PRESENT ADDRESS _____"

This section further provides that on failure to return this notice within the time allowed, the voter's registration shall be cancelled by the clerk or board.

Each count of the affidavit herein sets out in words and figures the forged instrument which is in the same tenor as the statutory form above set out.

Each count alleges that the affidavit of registration of the person whose name is alleged to be forged on said notice, appears on the registration of voters of Vanderburgh County. Each of these counts, however, wholly fails to allege that such person having failed to vote either at the primary or general election last preceding and having not registered after such primary, the clerk or board of registration had given notice as required by law, nor does it allege that the purported forged

instrument had been returned within the time as required by law.

It is our opinion that had the alleged false instrument been made and uttered after such notice, and within the time, as provided by said § 29-3418, Burns' 1933 (1946 Supp.) it would have amounted to the forging and uttering of an "authentic matter of a public nature" and would have been within § 10-2102, Burns' 1942 Replacement, which defines the crimes of forgery and uttering a forged instrument. See *State* v. *Longo* (1945), 132 N. J. L. 515, 41 A. 2d 317. Without pleading the facts which we have herein mentioned as omitted, the instrument is not shown to be "an authentic matter of a public nature." *Griffin* v. *State* (1909), 96 Miss. 309, 51 So. 466; *State* v. *Floyd* (1907), 169 Ind. 136, 81 N. E. 1153.

In the case last cited the defendant, the trustee of a certain Adams Township, was indicted for forging what purported to be a verified receipt for wages, by a teacher named M. D. Syder. This verified receipt was required by law to be taken by the trustee and presented to the advisory board on Tuesday after the first Monday in January of each year. The indictment failed to allege that a person by the name of M. D. Syder had been under contract to teach, or engage in teaching, during the prior year in defendant's township. For this omission this court held the indictment insufficient. In rendering this decision the court, on page 138, said: "The writing which forms the basis of this indictment is of a public character, and its efficacy and legal capacity to deceive and defraud must be determined by the laws applicable to the subject-matter." Again, on page 139, after pointing out that teacher's contracts are a matter of public record, the court said: ". . . it is evident that a township advisory board is furnished the means

of knowing, and must be held to know, who the teachers of its township were during the year preceding any annual settlement with the trustee. If a receipt for the expenditure of tuition funds purports to have been signed by one of such teachers, it would plainly have the legal capacity to deceive the township advisory board and to defraud the school corporation, and would be the subject of forgery. If, on the contrary, a receipt offered as evidence of the expenditure of such fund, were signed by the name of a fictitious person, or one known not to have been employed as a teacher in the township, it would be incapable of working an injury and of no validity, and the court cannot assume the advisory board could be by such receipt deceived.

"In the indictment under consideration no facts are averred showing that a person by the name of 'M. D. Syder' had been under contract, in writing or otherwise, to teach, or engage in teaching, in Adams Township prior to the commission of the alleged forgery. The court cannot know such extrinsic facts without averment, and, in the absence of such allegations, cannot say that the spurious receipt was likely to impose upon and deceive the advisory board to the prejudice of the school township. It must appear, as said before, on the face of the indictment, that the fabricated writing, either of itself or in connection with the extrinsic facts averred, is such that if genuine it would be valid in law to prejudice the rights of the person as body corporate therein named."

In brief, the principle laid down in the foregoing cases is that the indictment or affidavit must show that the instrument in question can be made available in law to work the intended fraud or injury; if such appears to be the case upon the face of the instrument, it is sufficient to set it out in the indict-

ment; but if not, the extrinsic facts in view of which it is claimed that the instrument is available for the fraudulent purpose alleged in the indictment or affidavit, must be averred. We state this principle substantially as it is stated in 174 A. L. R. 1329.

The board of registration may never have taken the necessary preliminary legal steps by way of notice to clear from the registration rolls the name of the person whose name is alleged to have been forged. Without this preliminary notice the board would have to know it was powerless to clear its registration roll of the name of a voter and any request for reinstatement would be an idle gesture. Nor is there any showing that the instrument, alleged to be spurious, was forged or uttered within that period of time within which it would have been effective had it been genuine. Each count fails to show that the instrument, had it been genuine, would have had any legal force or effect or "the power to impose upon and deceive" the board of registration.

We conclude that each count of this affidavit fails to state the offense intended to be charged with sufficient certainty, and the motion to quash should have been sustained as to each of them.

In view of this conclusion it is unnecessary for us to consider or decide questions arising under the alleged error of the trial court in overruling appellant's motion for a new trial.

The judgment is reversed and the cause is remanded with instructions to sustain the motion to quash as to each count of the affidavit.

NOTE.—Reported in 84 N. E. 2d 716.