IN RE KUIKEN.

[No. 29,060. Filed October 21, 1953.]

*Silas Theophilus Kuiken, pro se.*

. *Charles C. Baker,* Secretary of the Disciplinary Commission, of Indianapolis, *Wilbur F. Dassel,* of Evansville, *Robert H. Moore,* of Gary, *James R. Newkirk,* of Fort Wayne, *Chester E. Bielby,* of Lawrenceburg, (resigned 6-30-53), and *Richard Montgomery,* of Seymour, (appointed 6-11-53), all members of the Disciplinary Commission.

DRAPER, J.—This proceeding was instituted on June 1, 1953 by the filing of an information in revocation of admission to practice law as an attorney in this state. It was filed by the Disciplinary Commission appointed under Rule 3-21 of this court, 1949 revision.

The second paragraph of the information charges that Silas Theophilus Kuiken was indicted in the United States District Court for the Western District of Texas, El Paso Division, said indictment bearing No. 46723 Criminal; that said Kuiken entered a plea of not guilty and on November 6, 1951 was convicted, after trial by jury, on all five counts of said indictment charging him with using the mails to defraud. (18 USC Sec. 1341).

Pursuant to an order of this court notice of the filing of said information, with a copy of the charge attached, was personally served upon the defendant by Lee D. Williams, Supervisor, Federal Reformatory, Petersburg, Virginia, on the 5th day of June, 1953. The service was clearly sufficient.

On October 13, 1953, the defendant filed in this court what he designated as his first paragraph of answer, and also filed a motion for continuance. The answer denies misconduct of any kind and alleges that the defendant is not guilty of the charge of which he was convicted; that the criminal case against him has not been finally adjudicated and completed; and that the defendant intends to vindicate himself of said charges. The answer further asserts that the defendant desires and intends to file additional paragraphs of answer in this matter.

The motion for continuance alleges that the defendant has a good and meritorious defense to this cause of action; that he is not guilty of the charges alleged in the petition, and that the defendant cannot locate

and assemble evidence of his innocence wihout a continuance of at least ninety days after his release from confinement.

Neither the answer nor the motion for continuance denies that the defendant was convicted as charged in the information.[1] We need not set out the details of the offense with which he was charged, nor the evidence introduced to establish his guilt. Such is reported at length in the opinion of the United States District Court filed December 20, 1951, in *United States* v. *Kuiken,* 101 Fed. Supp. 929. The decision of the District Court was affirmed on May 15, 1952, by the United States Court of Appeals, 5th Circuit, in an opinion reported in 196 Fed. 2d 223, and rehearing was denied on June 17, 1952. Certiorari was denied by the Supreme Court of the United States in No. 78 Misc. on October 27, 1952, 344 U. S. 867, 73 S. Ct. 109, and rehearing was denied on December 22, 1952, 344 U. S. 910, 73 S. Ct. 329.

In *In Re Harrison* (1953), 231 Ind. 665, 109 N. E. 2d 722, this court held that conviction of a felony is ground for the disbarment of an attorney.[2] It was further held that the defendant's denial of conviction forms no material issue of fact when the records of this court conclusively show conviction, and in such a situation no commissioner need be appointed to hear and report the evidence pertaining to any other charges contained in the information.

We think the Harrison case rules this one. The defendant here was charged with the commission of a felony. He was sentenced and imprisoned pursuant to a judgment of conviction which has become final. The charge as made in the informa-

---

1. A certified copy of the judgment of the U. S. District Court is attached to and made a part of the information.

2. Any offense punishable by death or imprisonment for a term exceeding one year is a felony. 18 USC Sec. 1(1).

tion that the defendant was convicted of a felony is well founded and is not denied. It constitutes grounds for disbarment. No answer that could be filed and no proof that could be adduced before a commissioner could neutralize the effect or alter the legal consequences of the defendant's conviction. It follows that no good purpose could be served by granting a continuance or by appointing a commissioner to hear and report evidence.

The defendant's motion for continuance is denied. For the reasons above stated the defendant should be disbarred and he is, therefore, disbarred; and the Clerk of this court is hereby ordered to strike the name of the defendant, Silas Theophilus Kuiken, from the roll of attorneys of this state.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 806.