BAKER ET AL. AS MEMBERS OF DISCIPLINARY COMMISSION *v.* MILLER.

[No. 29,359. Filed November 15, 1956.]

*Charles C. Baker,* of Indianapolis, *James R. Newkirk,* of Fort Wayne, *Robert H. Moore,* of Gary, *Wilbur F. Dassel,* of Evansville, and *Richard H. Montgomery,* of Seymour, as members of Disciplinary Commission.

*Dan C. Flanagan, Maxwell P. Smith,* and *Paul F. Nieter,* all of Fort Wayne, for respondent.

ARTERBURN, J.—This is an original action prosecuted by the Disciplinary Commission of this court by information under Rules 3-21 and 3-22, charging the respondent with the conviction of a felony in the United States District Court, for the Southern District of Indiana, praying that he be disbarred for that reason. A response has been filed in two paragraphs which admits the conviction, and argues in mitigation of the present charge. The reply of the Disciplinary Commission denies and takes issue on the argumentative allegations. Since no controverted issue of fact is presented, we do not feel it is necessary to appoint a Commissioner to make findings of fact.

The judgment of conviction in the District Court discloses the respondent pleaded guilty to a charge of evading part of the income tax due and owing by him and his wife to the United States of America for the calendar year of 1950 in violation of Title 26, U. S. C. A. Int. Rev. Code of 1939 as amended, §145(b).

The Commission urges upon this court that under the Act of 1937, ch. 88, §2, p. 452, being §4-3614, Burns' 1946 Replacement, we are limited in our disciplinary action in all felony cases, regardless of the character of the crime, to total disbarment as distinguished from suspension as occurred *In re Baugh* (1954), 233 Ind. 424, 120 N. E. 2d 262. In that case the respondent was suspended for a period of nine months as a result of a felony conviction under the same section of the U. S. Code as the respondent in this case. Section 4-3614 Burns, *supra* states in substance that a circuit or superior court "shall revoke the admission of such attorney" if the crime for which he was convicted was a felony. We do not agree with this limitation upon our jurisdiction in such matter.

We have said in this connection:

"The Act of 1937 is, therefore, construed as providing a cumulative procedure for disbarment by circuit or superior courts which in no way circumscribed the jurisdiction conferred upon this court by the Act of 1931." *Beamer, Attorney General* v. *Waddell* (1943), 221 Ind. 232, 240, 45 N. E. 2d 1020.

In a later disbarment case in which an attorney had been convicted of perjury, this court said:

"We construe the provisions of said §4-3614 as being in aid of the power of this court to prescribe rules and regulations for the admission of attorneys to practice law in Indiana and for their suspension or disbarment, and not in limitation thereof." *In re Harrison, etc.* (1953), 231 Ind. 665, 668, 109 N. E. 2d 722.

In proceedings of this character moral turpitude has always been a controlling factor in the disciplinary action to be taken by the court where there has been a charge of misconduct by a member of the bar. The problem of defining moral turpitude is not without difficulty. There is certain conduct involving fraud, perjury, theft, embezzlement, and bribery where there is no question but that moral turpitude is involved. On the other hand, because the law does not always coincide exactly with principles of morality there are cases that are crimes that would not necessarily involve moral turpitude. Acts which normally at common law were not considered wrong, do not by reason of statutory enactment making them a crime, add any element of moral turpitude. For example, wilfully running a stop light or exceeding the speed limit does not necessarily involve moral turpitude.

Webster's International Dictionary (2d Edition) defines "turpitude" as: "Inherent baseness or vileness of principle, words, or actions; depravity."

Black's Law Dictionary (4th Edition) defines "moral turpitude" as: "An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."

In *Ex parte Garland* (1866), 71 U. S. (4 Wall. 333), 18 L. Ed. 366, the United States Supreme Court held Congress could not disbar an attorney because he had borne arms against the United States during the Civil War. That court said on page 379:

> "The attorney and counselor being, by the solemn judicial act of the court, clothed with his office, does not hold it as a matter of grace and favor. The right which it confers upon him to appear for suitors, and to argue causes, is something more

than a mere indulgence, revocable at the pleasure of the court, or at the command of the legislature. It is a right of which he can only be deprived by the judgment of the court, for moral or professional delinquency."

The Information for Disbarment filed in this case charges that the "Respondent wilfully and knowingly attempted to defeat and evade a large part of income tax due and payable by him to the United States of America for the calendar year 1950, and on that date filed with the Collector of Internal Revenue at Indianapolis, Indiana, a false and fraudulent income tax return, all in violation of Title 26 of the U. S. Code, §145 (b) ."

Respondent's return denies the allegations therein, admitting that he pleaded guilty to a violation of Title 26 of the U. S. Code, §145 (b), *supra*.

Section 145 (b) of the U. S. Code, *supra*, under which respondent was convicted, does not make fraud a necessary element of the crime:

"Any person who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, . . . be guilty of a felony . . . ."

It has been said that whether or not a crime involves moral turpitude does not depend upon unnecessary adjectives added to the indictment by overzealous prosecutors. *United States* v. *Carrollo* (1939), 30 Fed. Supp. 3; *United States* v. *McCandless* (1928), 28 F. 2d 287.

Under the statute, the offense with which the respondent is charged and convicted involves wilful evasion of a tax, and would not necessarily involve fraud.

The crucial question, therefore, is whether or not moral turpitude is an essential element of the crime

prescribed by §145 (b) of the U. S. Code, *supra*. ■ In determining this question, we must accept the interpretation given the law by the United States courts. These courts have been faced with the same question in deportation proceedings based on the ground of income tax convictions under §145 (b) of the U. S. Code, *supra,* and other like crimes. Such courts have held that moral turpitude is not involved under a conviction for a violation of this section of the Internal Revenue Code by an alien. *United States* v. *Carrollo, supra* (1939), 30 Fed. Supp. 3; *United States* v. *Day* (2d Cir. 1931), 51 F. 2d 1022; *United States* v. *Neelly* (7th Cir. 1953), 208 F. 2d 337.

In the case of *United States* v. *Carrollo, supra,* the court said on page 7:

"We are not prepared to rule that an attempt to evade the payment of a tax due the nation, or the commonwealth, or the city, or the school district, wrong as it is, unlawful as it is, immoral as it is, is an act evidencing baseness, vileness or depravity of moral character. The number of men who have at some time sought to evade the payment of a tax or some part of a tax to some taxing authority is legion. Any man who does that should be punished civilly or by criminal sentence, but to say that he is base or vile or depraved is to misuse words."

In the case of *United States* v. *Scharton* (1932), 285 U. S. 518, 76 L. Ed. 917, 52 S. Ct. 416, the Supreme Court construed §145 (b) of the U. S. Code, *supra,* with reference to whether the three year period of limitations, or six year statute of limitations applicable to fraud cases applied, and held that the offense did not involve fraud and the six year statute of limitations did not apply. The Supreme Court noted that some statutes make fraud an essential element, but where it is not an essential averment, fraud when alleged would be considered surplusage. The courts in the

federal system have given a limited meaning to the word "wilful" as used in §145(b) of the U. S. Code, *supra*. *Spies* v. *United States* (1943), 317 U. S. 492, 87 L. Ed. 418, 63 S. Ct. 364; *United States* v. *Martell* (3rd Cir. 1952), 199 F. 2d 670, Cert. denied 345 U. S. 917, 97 L. Ed. 1350, 73 S. Ct. 728; *Hargrove* v. *United States* (5th Cir. 1933), 67 F. 2d 820, 90 A. L. R. 1276; *United States* v. *Glasscott* (7th Cir. 1954), 216 F. 2d 487, Cert. denied 348 U. S. 937, 99 L. Ed. 734, 75 S. Ct. 356.

The foregoing cases establish beyond doubt that fraud or moral turpitude is not an essential element of the offense prescribed under §145(b) of the U. S. Code, *supra*. Where the federal courts have placed such an interpretation upon the federal statute there is no reason for the state court giving it a more harsh construction. *In Re Hallinan* (1954), 43 Cal. 2d 243, 272 P. 2d 768; *People* v. *Fischer* (1955), 132 Colo. 131, 287 P. 2d 973; *Louisiana State Bar Ass'n.* v. *Connolly* (1944), 206 La. 883, 20 So. 2d 168.

This court cannot bring itself to say that a wilful attempt to evade a tax imposed by statute, even if defined by the statute as a felony, should automatically disbar an attorney from his profession, and strip him from his livelihood in which he probably has spent most of his life. True, an attorney's conduct should be of the highest character, but the difference between striving for perfection, and the attainment of perfection in conduct, is a margin of some width for all of us.

The complaint or information filed in this case is based entirely upon the conviction of the respondent of the felony charged. There are no other specifications of conduct affecting his fitness as an attorney. It is true the complaint after alleging the charge adds respondent filed "a false and fraudulent

income tax return, all in violation of Title 26 of the U. S. Code §145 (b)." We do not believe this additional allegation limited to a violation of §145 (b) of the U. S. Code, *supra*, without specifically setting out the facts of the fraud other than an untrue or false return can be considered as an additional charge of moral turpitude in this case. Respondent is entitled to know what the specific fraudulent acts were, aside from violation of §145 (b) of the U. S. Code, *supra*, in order to meet them. No such specific acts are set out.

Fraud is a question of fact which must be set forth in detail, and not by way of conclusions or epithets. 37 C. J. S., Fraud, §81, p. 374; *Guy et al.* v. *Blue et al.* (1897), 146 Ind. 629, 45 N. E. 1052; *Ziss* v. *State* (1949), 227 Ind. 169, 84 N. E. 2d 716.

Fraud is never presumed. *Edwards* v. *Hudson* (1938), 214 Ind. 120, 14 N. E. 2d 705; *Property Owners, Inc.* v. *City of Anderson* (1952), 231 Ind. 78, 107 N. E. 2d 3.

In the absence of any specifications in this case showing that the respondent's conduct involved moral turpitude, or that it related to the respondent's activities in the practice of law, this case seems in all respects similar to that of *In re Baugh* (1954), *supra*, 233 Ind. 424, 120 N. E. 2d 262. This precedent is controlling upon us as well as the construction given the Internal Revenue Code by the United States courts. We find that respondent should be suspended from the practice of law in the courts of Indiana for a period of nine (9) months beginning November 15, 1956. The Clerk of this court is ordered to place this suspension on the roll of attorneys of this court, and judgment is entered accordingly.

Landis, C. J., Emmert and Achor, JJ., concur. Bobbitt, J. dissents with opinion.

### DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion for the reasons stated *In re Harrison, etc.* (1953), 231 Ind. 665, 109 N. E. 2d 722, and in *In re Kuiken* (1953), 232 Ind. 546, 114 N. E. 2d 806.

I do not think this case is governed by *In re Baugh* (1954), 233 Ind. 424, 120 N. E. 2d 262, because mitigating circumstances which influenced the decision in that case are not present in the case at bar.

NOTE.—Reported in 138 N. E. 2d 145.