NOLAN ET AL. *v.* FORSTE.

[No. 30,672. Filed May 1, 1969. No Petition for Rehearing filed.]

Indiana Attorney General for petitioners.

PER CURIAM.—This is an original disciplinary action instituted by the filing of an information for the revocation or suspension of admission to practice law by members of the Disciplinary Commission, appointed by the Supreme Court of Indiana, pursuant to Rule 3-21 of said court.

On October 14, 1964, the Attorney General of Indiana, pursuant to the written request of the Disciplinary Commission filed Information for the Revocation or Suspension of Admission to Practice Law against Raymond C. Forste who was duly admitted to practice law in the State of Indiana on December 7, 1948.

The respondent was served by publication and failed to appear to answer or deny allegations of said information.

A commissioner was appointed to hear and report the evidence and make findings of fact. Said hearing was held before the commissioner on July 19, 1968, in the Circuit Court in New Albany, Indiana.

The specific charge of the information was that said respondent did, with intent to defraud, willfully and knowingly obtain the sum of Twenty-one Thousand Six Hundred Forty-two Dollars ($21,642.00) received by him on October 17, 1961, on behalf of his clients who were legally entitled to said money as a part of the Indiana State Highway Condemnation proceedings in Clark County, Indiana. That said respondent did convert the said sum to his personal use, and refused to turn over the said sum to his clients.

The commissioner found that the respondent did convert said sum to his own use and failed and refused to turn over said sum or any part thereof to his clients, who were entitled to the same.

The commissioner further found that the said respondent had been indicted by the grand jury of Clark County on a charge of embezzlement which was later abated because it was brought in a county other than that in which the embezzlement was committed; that the defendant himself did not make restitution, but evidence shows that restitution was made by the father and brother of the respondent after the criminal charges were abated in the Clark Circuit Court.

The commissioner further found that such conduct by the

respondent constitutes an act of moral turpitude and that said defendant violated his duty as an attorney and officer of this court as prescribed by the laws of the State of Indiana, and has wrongfully violated his oath as attorney as prescribed by this court and has willfully and wantonly contravened the laws of the state and ethics of the legal profession.

Moral turpitude is a controlling factor in any disciplinary action to be taken by the Supreme Court; Supreme Court Rules 3-21, 3-22. *Baker v. Miller* (1956), 236 Ind. 20, 138 N. E. 2d 145, 59 A. L. R. 2d 1393. Being of good moral character necessarily implies that the attorney will conform to the moral standards of his profession as provided by law.

The commissioner found a preponderance of evidence sustaining the charges that the respondent had committed the foregoing acts.

It is directed, therefore, that the respondent be disbarred and that the name of Raymond C. Forste be stricken from the role of attorneys licensed to practice law in the State of Indiana.

NOTE.—Reported in 247 N. E. 2d 60.