IN THE MATTER OF J. GORDON GIBBS, SR.

[No. 370S52. Filed August 3, 1971.]

*Don A. Tabbert,* of Indianapolis, for respondent.

*Theodore L. Sendak,* Attorney General, *John B. Ramming,* Assistant Attorney General, for Indiana Supreme Court Disciplinary Commission.

PRENTICE, J.—This is an original action for disbarment brought under Admission and Disciplinary Rules 24, 25, 26 and 27, charging the respondent with having been convicted of a felony, with being an unfit person to practice law by reason thereof and by reason of having violated his oath of office and canons 29 and 32 of professional ethics for the practice of law adopted by the American Bar Association in 1908. The essence of all charges stems from Respondent's having

been convicted, on a plea of nolo contendere, of having wilfully and knowingly attempted to evade income taxes due and owing by him to the United States of America for the calendar years 1962, 1963 and 1964. Issues were joined by Respondent's answer to the amended information admitting the convictions but denying all other allegations and denying that such conviction is grounds for disbarment. The matter was referred to a Commissioner, who heard evidence and returned special findings of fact and conclusions of law and recommended his disbarment. Although authorized by our rules, there has been no appearance of amicus curiae.

The salient findings of the Commissioner were that the respondent was, at all times, duly admitted to practice law in this state and subject to his oath as an attorney at law, that he had been convicted of the tax evasion charges on pleas of nolo contendere, that he had not otherwise engaged in illegal activities and had, prior to his indictment, an excellent reputation in every respect in the community in which he resided. The Commissioner further found that Respondent has paid substantial amounts upon the taxes in question, the full amount due being yet undetermined, had paid a fine of $15,000.00 and had been cooperative with the Internal Revenue Department agents making the investigation of tax liability. There were also findings that he had violated the oath and canons as alleged, which we conclude were inherent in the attempted evasion. The issue then is whether or not we may disbar solely by reason of a conviction of attempted income tax evasion upon a plea of nolo contendere. It is Respondent's position that the plea did not admit the fraud allegations of the indictment, that the offense does not per se involve moral turpitude and that therefore the penalty of disbarment is inapplicable. In support of this position, he refers us to *Baker et al. (Disciplinary Commission)* v. *Miller* (1965), 236 Ind. 20, 138 N. E. 2d 145. In that case, we followed our earlier decision in *In Re Baugh* (1954), 233 Ind. 424, 120 N. E. 2d 262 and stated:

"This court cannot bring itself to say that a wilful attempt to evade a tax imposed by statute, even if defined by the statute as a felony, should *automatically* disbar an attorney from his profession, and strip him from his livelihood in which he probably has spent most of his life." 236 Ind. at 27.

It is to be noted, however, that we did not indicate that such conduct standing alone could *never* justify disbarment or involve moral turpitude. It should also be noted that, although we did not disbar in the *Miller* case (supra), we did impose the severe penalty of suspension. Neither did we indicate that "moral turpitude" as used therein was limited to the bottom rung of the ladder of morality. As said by Judge Arterburn:

"* * * the difference between striving for perfection, and the attainment of perfection in conduct, is a margin of some width for all of us." 236 Ind. at 27.

If sainthood were to become a minimum standard of conduct acceptable of the Bar, indeed our ranks would soon be depleted. Surely, none would suggest that a single violation of a traffic ordinance, even if wilful, would disqualify an otherwise exemplary lawyer. Yet, to arrogantly and wantonly disregard the traffic regulations as a pattern of every day living, might well signal the existence of such a disregard or contempt for the rights of others as to negate the probability of co-existing qualities essential to minimum professional standards. We cannot overlook that Respondent was convicted not upon a single count but upon three. Certainly this raises a strong presumption of intentional, dishonest dealings which are incompatible with minimum standards of conduct for the legal profession. We do not think it particularly significant that the conviction of the respondent was upon a nolo contendere plea. True, there are substantial differences between such a plea and a plea of guilty, but we do not believe that such distinctions are material to our determination. Our concern here is with the suitability of the respondent to engage

in the practice of law. In these proceedings we do not follow the technical rules of pleading or evidence and are not bound by considerations that may be altogether proper in other areas. The respondent in such an action does not have the benefit of all the protections accorded an accused in a criminal action; and where it has been shown that he has been convicted, on whatever plea, of charges involving honesty and fair dealings, a presumption arises against him. If he is to continue as a member of the bar of this Court with all of the rights and privileges attendant to such a trusted position, it behooves him to erase such presumption. Neither are we limited to any particular form of discipline. Once we have determined that discipline is appropriate, the matter lies within our sound discretion.

We find that Respondent has violated minimum standards of conduct for the legal profession and that such violation warrants disbarment. It is, therefore, ordered that the respondent be and he is hereby disbarred in the State of Indiana, and the Clerk of this Court is directed to remove his name from the role of attorneys of this Court. By reason of the findings of the Commissioner favorable to Respondent, leave is hereby granted to him to apply for readmission after one (1) year from date.

Givan, DeBruler and Hunter, JJ., concur; Arterburn, C.J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, C.J.—In view of the respondent's age and the fact that he has never been guilty of any violation of an attorney-client relationship, I hesitate to vote to deprive him of his livelihood. I feel that a probationary period for the respondent should be sufficient in this case.

NOTE.—Reported in 271 N. E. 2d 729.