527 So.2d 1083 (1988)
STATE of Louisiana
v.
Christopher L. ROYAL.
Nos. KA 87 1658, KA 87 1659.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*1084 Bryan Bush, Dist. Atty., Baton Rouge by Brenda Creswell, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Christopher L. Royal, was charged by bill of information with two counts of attempted forcible rape and one count of aggravated burglary in violation of La.R.S. 14:27, 14:42.1 and 14:60, respectively. Defendant pled not guilty to all charges. Following a jury trial on the aggravated burglary charge, defendant was found guilty as charged of this offense. Subsequently, the State filed a bill of information asserting defendant was a habitual offender. After a hearing, the trial court adjudicated defendant to be a second felony offender. The trial court denied a motion for new trial thereafter filed by defendant. On July 27, 1987, defendant was sentenced to thirty years at hard labor, with credit for time served. On that same date, the State dismissed the two counts of forcible rape with which defendant had been charged by bill of information. Defendant has now appealed his conviction and sentence for aggravated burglary, alleging the following four assignments of error.
1. The trial court erred in denying defendant's motion for mistrial.
2. The trial court erred in denying defendant's motion for a new trial.
3. The trial court erred in adjudicating defendant to be a second felony offender under the habitual offender statute.
4. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La.Code Crim.P. art. 894.1.

FACTS
The instant conviction arose from an incident which occurred at the Baton Rouge apartment of Ms. Cindy Roche at approximately 3:30 a.m. on August 15, 1986. While asleep in her bedroom, Ms. Roche was suddenly awakened by defendant breathing in her ear and then placing a hand up her nightshirt. Ms. Roche immediately began screaming and struggling with defendant ending up on the floor with defendant on top of her. At this point, Mr. Ernest Rabalais, Jr., an overnight guest *1085 who was sleeping in another room of the apartment, came into the bedroom and pulled defendant off Ms. Roche. Mr. Rabalais and defendant struggled together for some minutes as Mr. Rabalais tried to restrain defendant from leaving. However, defendant eventually escaped out of the back door of the apartment.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant contends the trial court erred in denying his motion for mistrial and in failing to sustain his objection to the State's use of its peremptory challenges to exclude prospective jurors solely on the basis of their race.
La.Code Crim.P. art. 795 B specifically provides that a potential juror shall not be peremptorily challenged on the sole basis of race. Additionally, in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986), the Supreme Court held that the Equal Protection Clause forbids the use of the State's peremptory challenges to strike potential jurors of the defendant's race solely on account of their race or on the assumption that jurors of the defendant's race will be unable to impartially consider the State's case. In order to make a prima facie showing of purposeful discrimination in violation of Batson, the defendant must show that: (1) he is a member of a cognizable racial group, (2) the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire, and (3) the facts and circumstances infer that the prosecutor used his peremptory challenges for the purpose of striking minorities. Batson, 106 S.Ct. at 1723; State v. Collier, 522 So.2d 584 (La. App. 1st Cir.1988). If the defendant establishes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging the jurors of defendant's race. Batson, supra; State v. Carter, 522 So.2d 1100 (La.App. 1st Cir.1988).
In the present case, the State used seven peremptory challenges to exclude prospective black jurors. The defendant herein is also black. When called upon by the trial court to do so, the prosecutor gave reasons for the exclusion of each black prospective juror which were completely independent of their race. After hearing the prosecutor's explanation, the trial court stated as follows:
All right, I rule that the State, pursuant to the Batson decision, has given legitimate reasons for excusing each of the specified jurors, even thought [sic] they were black individuals. I do note also for the record that the State has allowed several blacks to be participants in this jury. Mr. Hollis juror number 79 is a black gentlemen who was the first one selected by the State and the defense, as a juror. Mr. Batieste juror 8 was selected. If I'm not mistaken, I think my notes indicate that Mr. Driver, on the first row, is also a black gentleman, all of whom are black
. . . . .
individuals and jurors, all of which were selected by the State herein, and it does not show a systematic exclusion of blacks, pursuant to Ms. Creswell's acceptance of those three individuals on the jury and her explanation of why the other jurors, who were specified in the objection and motion, were excused are all legitimate reasons and this court so rules. Your motion is hereby denied.
After careful review of all portions of the voir dire designated by defendant and consideration of the reasons given by the State for the exercise of its peremptory challenges, we conclude that the State had legitimate reasons unrelated to race for excusing the black potential jurors. We note that there were three black members on the jury and that the first juror selected was black. See, Collier at 590. We also note that the State exercised five of its peremptory challenges to exclude white potential jurors.
For the above reasons, we conclude that defendant has failed to establish any purposeful discrimination by the State in violation of the principles delineated in Batson.
This assignment of error is without merit.

*1086 ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error, defendant contends the trial court erred in adjudicating him a second felony offender because the predicate conviction relied upon in this adjudication was based upon his plea (before a Florida court) of nolo contendere, which he argues does not have the same legal effect as a guilty plea. Defendant maintains such a plea can not serve as a prior felony conviction for purposes of the habitual offender statute.
La. Code of Crim.P. art. 552(4) specifically provides that:
... A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses ... (Emphasis added)
Further, it has been held by the Louisiana Supreme Court that a plea of nolo contendere is tantamount to an admission of guilt. Louisiana State Bar Ass'n v. O'Halloran, 412 So.2d 523, 525 (La.1982); also see, State v. Brown, 490 So.2d 601 (La.App. 2d Cir.1986). In support of his position, defendant relies upon language in Louisiana State Bar Ass'n v. Connolly, 206 La. 883, 20 So.2d 168 (1944), to the effect that a plea of nolo contendere is not technically a plea of guilty. Defendant has misconstrued the holding of Connolly. Although Connolly does include the language cited by defendant, the court goes on to hold with respect to a plea of nolo contendere, that it is in substance a plea of guilty, if accepted by the court, except as to civil matters based on the same facts[1]. Under La.Code of Crim.P. art. 552(4), a plea of nolo contendere clearly is to be considered as a conviction within the meaning of the habitual offender statute, i.e., La.R.S. 15:529.1.
This assignment of error is without merit.

ASSIGNMENT OF ERROR TWO
By this assignment of error, defendant contends the trial court erred in denying his motion for new trial, because the evidence was insufficient to establish the identity of defendant as Ms. Roche's assailant. Initially, we note that the proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a post-verdict judgment of acquittal. La.Code Crim.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). However, a reviewing court, despite a defendant's failure to proceed properly, must consider the evidence, upon assignment of error, to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in La.Code Crim.P. art. 821. The standard set forth in Article 821 is whether or not, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Where the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Positive identification by only one witness may be sufficient to support the defendant's conviction. State v. Williams, 458 So.2d 1315, 1326 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1317 (La.1985).
In this case, Ms. Roche testified that during the period that her assailant and Mr. Rabalais struggled, she turned on the lights and had an opportunity to observe her assailant for some minutes thereafter. She testified that she got a good look at him and recognized him immediately as someone she had previously seen around her apartment complex. Mr. Rabalais testified that he also had a good opportunity to observe the assailant with the lights on for several minutes. Both Ms. Roche and Mr. Rabalais positively identified defendant as the assailant. We find that the evidence presented by the State was sufficient to *1087 negate every reasonable probability of misidentification beyond a reasonable doubt. La.Code Crim.P. art. 821.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, defendant alleges the trial court imposed an excessive sentence and failed to comply with the sentencing guidelines of La.Code of Crim.P. art. 894.1.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. The excessiveness of a sentence is a question of law which is reviewable. See, State v. Sepulvado 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
A trial court's reasons for imposing a particular sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (1987). Although, the trial court need not recite the entire checklist found in La.Code Crim.P. art. 894.1, the record must reflect that the court adequately considered these guidelines. State v. Davis, 448 So.2d 645 (La.1984). However, even when the trial court has not complied with La.Code Crim.P. art. 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, supra.
The minimum sentence that could have been imposed upon defendant in this case was ten years at hard labor; the maximum sentence he could have received was sixty years at hard labor. La.R.S. 14:60; La.R.S. 15:529.1 A(1). The thirty year sentence he received was only one-half of the maximum allowable sentence.
We find that the sentence is supported by the trial court's reasons for sentencing and is not apparently severe.
In imposing sentence, the trial court found that defendant is in need of correctional treatment that would be most effectively given through the Department of Corrections and that a lesser sentence would deprecate the seriousness of the crime. The trial court also noted defendant's extensive criminal record and the fact that the present offense was committed while defendant was on probation for an offense committed in Florida. The trial court specifically noted that this offense was a violent crime and great injury may have occurred to Ms. Roche if Mr. Rabalais had not been present at her apartment. We further note that the victim did not provoke, induce, or facilitate the crime in any way, and that it caused her to greatly fear for her safety. Contrary to the defendant's assertion, this offense did indeed threaten serious bodily and psychological harm to the victim.
It is significant that defendant's criminal record shows a pattern of crimes against the person and sexual offenses, all of which threaten serious bodily and psychological harm to the victims.
Finally, although defendant contends that the trial court failed to consider any mitigating factors, defendant does not *1088 point out, nor do we find any such factors to be present, other than the fact that defendant was twenty-one years old. The record reflects that the trial court was aware of this fact. For these reasons, we do not find that defendant's sentence was excessive.
This assignment is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note that in Florida a plea of nolo contendere is also construed for all practical purposes as a plea of guilty. Russell v. State, 233 So.2d 148 (Fla.App. 4th Dist.1970).