IN THE MATTER OF J. GORDON GIBBS, SR.

[No. 872S104. Filed April 3, 1973.]

*Mowrer, Mowrer, Guido & Stewart,* of Danville, *J. Gordon Gibbs, Jr.,* of Danville, for petitioner.

*John B. Ramming,* attorney for Disciplinary Commission.

PER CURIAM—The petitioner J. Gordon Gibbs, Sr. was disbarred by this Court on August 3, 1971. This disbarment determination was reported in an opinion as *In re Gibbs* (1971), 256 Ind. 692, 271 N. E. 2d 729. As part of the disbarment order, as a result of findings favorable to petitioner, he was granted leave to apply for reinstatement after one year. On August 4, 1972, petitioner filed his Petition for Reinstatement pursuant to AD Rule 23(4), and on September 8, 1972, a hearing on the petition was held by the Supreme Court Disciplinary Commission, resulting in the making of Findings of Fact and an Order denying the petition. Petitioner has filed his petition in this Court for review of the order pursuant to AD Rule 23(18). The Commission has filed responses thereto. AD Rule 23(4) provides as follows:

"No person whose privilege to practice law has been suspended shall be eligible for reinstatement to practice law in this State unless he establishes by clear and convincing evidence before the Disciplinary Commission of this Court that:

(a) He desires in good faith to obtain restoration of his privilege to practice law;

(b) The term of suspension prescribed in the order of suspension has elapsed or five (5) years have elapsed since the suspension;

(c) He has not practiced law in this State or attempted to do so since he was disciplined;

(d) He has complied fully with the terms of the order for discipline;

(e) His attitude towards the misconduct for which he was disciplined is one of genuine remorse;

(f) His conduct since the discipline was imposed has been exemplary and above reproach;

(g) He has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself in conformity with such standards;

(h) He can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the Bar and as an officer of the Courts;

(i) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs."

The Commission denied reinstatement for the reason that in the opinion of the Commission as the trier of fact, the petitioner failed to establish by clear and convincing evidence that he was remorseful for his misconduct as required by subsection (e); that he has a proper understanding of the standards of professional responsibility and will properly conduct himself as required by subsection (g); and that he can safely be recommended as a fit person for reinstatement to the Bar as required by subsection (h). On the other hand the special findings reflected that the petitioner had sustained his burden to establish all other requirements of Section 4, including his compliance with our disbarment order and the fact that his personal conduct since disbarment has been exemplary and above reproach. In its responses the Commission emphasizes the failure of the evidence at the hearing to clearly and convincingly demonstrate that petitioner was remorseful for his misconduct. At the hearing petitioner testified on this point as follows:

"14  Q. Mr. Gibbs, you have indicated further in your petition that you feel as if your conduct which led to your conviction was wrong, and was a reflection upon the entire legal profession. I would assume that in the period of time that you have been out of practice, that you have had occasion to reflect upon that conduct?

A. Many times.

15  Q. Do you now, Mr. Gibbs, to this Commission and under oath as you sit here, again express your remorse and extend your apologies for the light in which you may have placed this profession?

A. I certainly do."

At another point in the hearing petitioner stated:

"Q. Mr. Gibbs, in the 7th paragraph of your petition you have alleged to the Commission that you believe the standards of conduct are fair and they are good and they are not too demanding. Are you still of that opinion, Mr. Gibbs?

A. Yes, sir, I am.

Q. In the event, Mr. Gibbs, that this Commission should make a recommendation to reinstate you to the profession of law practice, do you think you would be able to comply with and abide by the rules and regulations imposed by the Commission and by the Code of Ethics of the Bar Association generally?

A. I would certainly make every effort. I don't know any reason at all why I couldn't."

At the conclusion of the hearing on redirect examination petitioner testified:

"Q. ... I will ask you now, Mr. Gibbs, whether or not you have tendered your apologies or expressed any remorse to any persons in this State relative to this matter.

A. I would say numerous times. . . . But I clearly not only wrote but verbally expressed my apology to the Court, before the Commission here, before Judge Emmert, anybody that I have had any contact with whatsoever. I have definitely expressed my apology. . . . So remorsefulness is just my own personal—I am remorseful of this thing happening, but the apologies follow as a result of that, and I have apologized every place I have been. . . .

Q. Mr. Gibbs, did you apologize to the Judge of the District Court at the time of your conviction?

A. Yes, I did.

Q. And did you further apologize, as you have indicated, to Judge Emmert?

A. I certainly did.

Q. To whom else did you apologize?

A. Well, to the Commission when we were here at the Commission, and any time I have been officially before any kind of body where I had to answer them, I have certainly apologized both orally and in writing in any of the pleadings I have filed."

Several lawyers from the local community in which petitioner formerly practiced, and to which he would presumably return to practice if reinstated, testified at the hearing. The position of each, in its final form, was that he would neither support nor oppose the reinstatement of petitioner. However, at least one lawyer clearly felt that the failure of the petitioner to apologize to local attorneys individually or to the local bar association for the misconduct resulting in disbarment should be made known to the Commission. None of these lawyers and indeed no witness at the hearing, testified to any overt acts of the petitioner since disbarment took place, which could serve to support any conclusion adverse to the burden of petitioner. Because all of the evidence of specific acts and events given at this hearing, bearing upon petitioner's attitude toward his misconduct and upon his fitness to practice law, supports an affirmative finding for petitioner on these sections and also because of the special relationship which this Court bears to the attorneys of this State when exercising its jurisdiction over matters of admission and discipline, we conclude that petitioner met his burden before the Commission of establishing the matters required for reinstatement pursuant to AD Rule 23(4) (e), (g) and (h). In arriving at this conclusion we have also considered the very general nature of the requisites of subsections (e), (g) and (h) and the difficulty in making proof of them.

It is therefore ordered that J. Gordon Gibbs, Sr., be reinstated to the practice of law with all the rights and responsibilities thereto appertaining.

NOTE.—Reported in 294 N. E. 2d 123.