## In the Matter of Frank A. Case.

[No. 573S97. Filed June 10, 1974.]

*Anthony M. Bendict,* of Indianapolis, for respondent.

*John B. Ramming,* Executive Secretary, *Michael D. O'Neall,* Assistant Council, attorneys for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

ARTERRURN, C.J.—This proceeding was instituted on May 21, 1973, by the filing of a Verified Complaint for Disciplinary Action against Respondent by the Executive Secretary of the Disciplinary Commission of the Supreme Court. On June 18, 1973, the Honorable Nat U. Hill, Judge, Monroe Circuit Court, was appointed Hearing Officer. A hearing commenced on November 2, 1973. The Hearing Officer made the following Findings of Fact and Recommendations:

1. That the Respondent, Frank A. Case, was admitted to the Bar of the State of Indiana on May 28, 1963, and now maintains an office for the practice of law in the City of Indianapolis, Marion County, Indiana.

2. That the Commission has failed to prove by a preponderance of the evidence the factual allegations contained in Count I of the Verified Complaint, concerning Respondent's representation of Mrs. Emily Billington; that Respondent exhibited a lack of professional competence in representing Mrs. Billington, but he committed no acts, as proven by a preponderance, that would constitute violations of the Disciplinary Rules.

3. That Respondent was employed by Mrs. Eads in January or February, 1968, as an attorney to assist in the administration of her deceased husband's estate; that Mrs. Eads paid Respondent a total of Eight Hundred Dollars ($800.00) in legal fees, consisting of Seven Hundred Fifty Dollars ($750.00) for the administration and closing of the estate, and Fifty Dollars ($50.00) for the preparation of a tax return; that Mrs. Eads also gave the Respondent a check for Two Hundred Fifty-Six Dollars ($256.00) for payment

of the Indiana Inheritance Tax; that Respondent did not complete the closing of the Eads' estate, and the Indiana Inheritance Tax was not paid; that Respondent did not return any portion of the fees paid to him by Mrs. Eads; that Respondent failed to communicate with Mrs. Eads about the reason for the delay in closing the estate, despite her repeated attempts to contact him; that the Eads' estate was not closed until Mrs. Eads retained another attorney in late 1970 or early 1971.

4. That Respondent was employed as an attorney for the estate of Margaret Augusterfer by the administrators of said estate in November, 1967; that from 1967 until the administrators filed a complaint against Respondent, they repeatedly requested that Respondent complete the closing of the estate; that Respondent obtained an order for partial distribution in 1969 to enable the administrators to sell some real estate; that said real estate subsequently became the subject of a lawsuit; that Respondent has taken on further action in closing the estate since the lawsuit was filed; that Respondent was paid Twelve Hundred Dollars ($1200.00) in legal fees in advance as compensation for the administration and closing of the estate; that Respondent did not complete the closing of the estate, even though the estate was not a party to any lawsuit, and in all respects was a simple matter.

## CONCLUSIONS

The facts contained in Counts II and III of the Verified Complaint indicate an identifiable pattern of professional misconduct by the Respondent. The Respondent is retained to perform certain services for a client. He neglects the matter, and does not complete the work. When his clients attempt to communicate with him, he is unresponsive. He fails to promptly return unearned fees to his clients.

The Commission has recommended that Respondent be permanently disbarred. The undersigned is cognizant of the fact that conduct similar to that of Respondent has resulted in the permanent disbarment of an attorney in Indiana. *In*

*the Matter of John F. Haller* (1967), 248 Ind. 255, 226 N.E.2d 164. However, in light of the circumstances surrounding this case, the undersigned does not find a sanction of such severity is warranted. This viewpoint is prompted by two considerations. First, the undersigned takes judicial notice of the fact that Respondent has already been publicly censured by the Indianapolis Bar Association in regard to his representation of Mrs. Emily Billington. Secondly, the undersigned finds no evidence that any of Respondent's professional conduct involved moral turpitude. Rather, Respondent's conduct bespeaks a gross neglect and lack of concern about his client's affairs. This attitude is even reflected in Respondent's actions where his own interests are involved. While Admission and Discipline Rule No. 23 does not require a party against whom charges have been brought to respond to the Verified Complaint or to submit Proposed Findings and a Brief, the undersigned finds it inconceivable that any responsible attorney would not avail himself of every opportunity to fully defend himself in a proceeding where his professional reputation and livelihood are at stake.

The undersigned is aware that Admission and Discipline Rule 23 confers no jurisdiction that would permit this Court to order Respondent to return unearned fees to his former clients; however, the undersigned would most fervently (sic) urge Respondent to make restitution to the affected parties, so that no smirch will remain on his professional reputation and integrity.

While the undersigned cannot concur in the Commission's recommendation for disbarment, the facts as proven by a preponderance in Counts II and III of the Verified Complaint do constitute violations of D.R. 2-110 (A) (2) and (3); D.R. 6-101 (A) (2) and (3); D.R. 7-101 (A) (1), (2), and (3), *Code of Professional Responsibility for Attorneys at Law*, Ind. Ann. Stat. (Special Supp. 1971); and corresponding Canons 15, 30, and 44 of the *Canons of Professional Ethics* of the American Bar Association.

## RECOMMENDATIONS

The undersigned respectfully recommends to this Court that Respondent, Frank A. Case, be suspended from the practice of law in the State of Indiana for a period of sixty (60) days, subject to his application for readmission in accordance with the rules of this Court; and that he should pay to the Clerk of the Supreme Court the expenses incurred in the course of the investigation and prosecution of this matter.

Respectfully submitted,

Nat U. Hill
Judge, Monroe Circuit Court
Hearing Officer and Judge

This Court being duly advised in the premises now approves the Findings of Fact as found by the Hearing Officer and being further advised in the premises now disbars and suspends the said Frank A. Case from the practice of law in this State for a period of one (1) year from the time of this Order and until duly reinstated as a member of the profession in good standing in accordance with the Rules of this Court.

Provided further that no application for reinstatement as a member of the Bar shall be considered until the applicant has made due proof of restitution to the parties represented by Respondent who were the subject matter involved in this proceeding. Costs of this proceeding to be taxed against the Respondent.

Hunter, J. and Prentice, J., concur; Givan, J. concurs excepting he feels that restitution should not be made a part of this order: however, it may be considered on application for reinstatement. DeBruler, J., dissents with opinion.

### SEPARATE OPINION

DeBruler, J.—The respondent wandered outside the framework of fundamental ethical principles governing the legal profession when he failed to wind up these two estates after

having been paid to do so. And I agree that his failure to do so constituted misconduct for which discipline should be imposed. However, I consider the discipline selected by the Court to be too harsh under the circumstances. In my view, this type of misconduct, when encountered by this Court for the first time in a lawyer, warrants no more than a public reprimand.

I likewise do not join the majority in its decision to include as part of the order for discipline, the requirement that restitution be paid to the clients of respondents as a condition precedent to his reinstatement. This order of restitution is inappropriate for the following reasons:

1. The remedy of a client who has sustained injury as a result of his attorney's negligence or breach of contract is by way of a claim for damages to be instituted at the trial court level. In that litigation, the attorney would have the full range of defenses, many of which, such as set-off, would not necessarily be available to the attorney in defense of a disciplinary charge.

2. I would choose to exclude the issues of damages and restitution from the matters to be litigated in disciplinary proceedings for the reasons that those matters are not essential to the main purpose of the disciplinary proceeding, which is to regulate the professional conduct of lawyers in the public interest; and also because it is my belief, that in the long run the establishment of the right of aggrieved clients to obtain what amounts to a judgment for damages against lawyers in disciplinary proceedings will cause the focus of such proceedings to move from its main purpose of determining when a violation of ethical standards has occurred, to the lesser purpose of making the aggrieved client whole. Thereby, the affinity of the proceedings for determining whether a particular act or omission constituted a violation of fiduciary duty, will be eroded.

3. The Admission and Discipline Rules of this Court do not authorize, nor did the hearing officer attempt, to make

findings in support of a damage award to the aggrieved clients. The order of discipline to which I now dissent, does not attempt to assess the amount of restitution which respondent should pay and is therefore unlawfully vague. It is a patent denial of due process to make such a vague order, after a hearing at which the amount of damages was not an issue or litigated.

4. The amount of money damages due the aggrieved client from the attorney cannot constitutionally be determined in a disciplinary proceeding, in that to do so would deny the attorney the right to trial by jury.

5. There is no necessary nexus demonstrated in the record of this proceeding, between the ability of this respondent to make restitution and his ability to re-assume the fiduciary role of lawyer following the one year period of suspension.

I am authorized to state that Justice Givan agrees that the order for restitution in this case is inappropriate.

NOTE.—Reported at 311 N.E.2d 797.