## IN THE MATTER OF RAY ACKERMAN.

[No. 474S81. Filed July 2, 1975.]

*Marshall E. Williams, Heeter, Johnson, Salb & Williams,* of Indianapolis, for respondent.

*Richard H. Grabham,* Executive Secretary, *Craig S. Stevens,* of Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PRENTICE, J.—This is a disciplinary proceeding. The respondent is charged with the violation of his oath as an attorney admitted to the bar of this state and with the violation of various disciplinary rules adjunctive to the Code of Professional Responsibility for attorneys at law. We have before us the verified complaint for disciplinary action, the findings of fact and recommendations of the hearing officer, the objections of the Disciplinary Commission to said recommendations and the respondent's brief in opposition to said objections.

The Court having reviewed the foregoing and now being fully advised in the premises now accepts and adopts the findings of fact, which in substance disclose the following:

Respondent and one Cordell Hughes were personal acquaintances and had several close friends in common. Hughes was in financial difficulty and respondent accepted employment to prosecute bankruptcy proceedings for him. A fee of $200.00 was agreed upon, $140.00 of which was actually paid by several installments. No understanding was reached concerning the court costs or whether or not full payment of the fee would be required prior to the filing of the bankruptcy petition. The conferences between the two were highly informal and unprofessional. The bankruptcy petition, in an incomplete state, was signed in a tavern where the two had previously negotiated, and at that time Hughes communicated the remainder of the required information to the respondent.

Subsequent to the time employment was first agreed upon but prior to the time the last payment was made by Hughes to the respondent, Hughes advised the respondent that his wages were about to be garnisheed, and the respondent assured him that he would prevent it, thereby causing Hughes to believe that the petition would be filed. Thereafter, however, respondent absented himself from the community where he and Hughes were accustomed to meeting and spent most of his time for an extended period on a business venture in Kentucky. Respondent did not file the bankruptcy petition, nor did he make any arrangements concerning it. He did not notify

Hughes or make his whereabouts known to him, and when Hughes' wages were attached, he was unable to located the respondent.

Prior to the institution of these proceedings, Hughes complained to the Indianapolis Bar Association and the Grievance Committee of that association interceded. Respondent, however was uncooperative with that committee, hence its efforts to resolve the difficulty between him and Hughes were thwarted.

The aforesaid conduct of the respondent constituted a violation of his oath as an attorney at law and a violation of Disciplinary Rules 6-101(A)(3); 7-101(A)(1), (2) and (3) and 1-102(A)(5) and (6) of the Code of Professional Responsibility, in that he did neglect a legal matter entrusted to him, failed to seek his client's lawful objectives by reasonably available means, failed to carry out his contract of employment, to his client's prejudice, and did engage in conduct prejudicial to the administration of justice and reflecting adversely upon his fitness to practice law.

By reason of the foregoing, the respondent is now censored by this Court and is ordered to appear before this Court on the 22nd day of July, 1975 at 1:30 p.m. for public reprimand.

It was the recommendation of the hearing officer that our action include an order of restitution as to the attorney's fees paid to respondent, and we are not unmindful that we did order restitution in a previous case. *In Re Case,* (1974) 261 Ind. 118, 311 N.E.2d 797. However, we have since reconsidered the views expressed by Justice DeBruler in his separate opinion therein, as follows:

> "I likewise do not join the majority in its decision to include as part of the order for discipline, the requirement that restitution be paid to the clients of respondent as a condition precedent to his reinstatement. This order of restitution is inappropriate for the following reasons:
>
> "1. The remedy of a client who has sustained injury as a result of his attorney's negligence or breach of contract is by way of a claim for damages to be instituted at

the trial court level. In that litigation, the attorney would have the full range of defenses, many of which, such as set-off, would not necessarily be available to the attorney in defense of a disciplinary charge.

"2. I would choose to exclude the issues of damages and restitution from the matters to be litigated in disciplinary proceedings for the reasons that those matters are not essential to the main purpose of the disciplinary proceeding, which is to regulate the professional conduct of lawyers in the public interest; and also because it is my belief, that in the long run the establishment of the right of aggrieved clients to obtain what amounts to a judgment for damages against lawyers in disciplinary proceedings will cause the focus of such proceedings to move from its main purpose of determining when a violation of ethical standards has occurred, to the lesser purpose of making the aggrieved client whole. Thereby, the affinity of the proceedings for determining whether a particular act or omission constituted a violation of fiduciary duty, will be eroded.

"3. The Admission and Discipline Rules of this Court do not authorize, nor did the hearing officer attempt, to make findings in support of a damage award to the aggrieved clients. The order of discipline to which I now dissent, does not attempt to assess the amount of restitution which respondent should pay and is therefore unlawfully vague. It is a patent denial of due process to make such a vague order, after a hearing at which the amount of damages was not an issue or litigated.

"4. The amount of money damages due the aggrieved client from the attorney cannot constitutionally be determined in a disciplinary proceeding, in that to do so would deny the attorney the right to trial by jury.

"5. There is no necessary nexus demonstrated in the record of this proceeding, between the ability of this respondent to make restitution and his ability to reassume the fiduciary role of lawyer following the one year period of suspension." 311 N.E.2d at 799-800.

We have concluded that such views are sound and that restitution cannot properly be ordered in disciplinary matters, although we are also unanimous in our belief that in good conscience restitution ought to be made.

It is further ordered that prior to said appearance, the respondent shall pay to the Clerk of this Court the costs of

these proceedings. Failing herein, the respondent shall be suspended from the practice of law in this state pending the further order of this Court.

Givan, C.J. and DeBruler, J., concur; Arterburn, J. dissents with opinion in which Hunter, J., concurs.

## DISSENTING OPINION

ARTERBURN, J.—I dissent from the majority opinion in this disciplinary matter and approve the recommendation of the Hearing Officer that as part of the penalty in this case the respondent be required to make restitution to the client of monies he took and failed to return.

In my opinion, the argument that restitution may be obtained in a separate civil action for damages is specious. The line which at times the law has drawn between wrongs of a criminal nature and those of a civil nature is totally artificial and serves a purpose in criminal proceedings in order to more correctly define constitutional rights of a defendant. This disciplinary action is neither criminal nor civil, and to me it appears ridiculous that we have a hearing to determine the wrong done and to determine the punishment to follow the wrong and then say that we do not go into the question of the damage done and whether or not any reparation has been made. If we did not do that in this case, we have not heard the full case as the Hearing Officer should have done. In all cases, even a criminal case, reparation is part of the question when it comes to fixing the penalty. Although this is not a criminal case, I would say it would be absurd in fixing the punishment for us to say that at trial it was irrelevant for the trial judge to inquire whether or not reparation had been made. Sometimes there is no remedy by way of damages when the defendant is destitute except for the concealed property he has taken. The only remedy in such a case is for the court to condition the punishment upon restitution to the injured party.

I believe the reasoning and so-called logic used in closing our eyes to the realities of this case is totally artificial. The wrong in this case, if one has occurred, should be completely adjusted as far as possible in one proceeding. The punishment should be conditioned, insofar as possible, upon correcting the injustice. I see no problems in fixing the amount since the whole matter should have been thoroughly investigated and heard with reference to how much was still owed. I would follow the recommendation of the Hearing Officer that the punishment be conditioned upon a restitution to the injured party.

Hunter, J., concurs.

NOTE.—Reported at 330 N.E.2d 322.

### DISCIPLINARY ORDER

The Court having reviewed and approved the findings of fact of the hearing officer hereinbefore appointed and being fully advised, it is now ordered that the respondent, Raymond Ackerman, appear before this Court on the 22nd day of July, 1975 at 1:30 p.m. for public reprimand.

It is further ordered that, prior to said appearance the respondent pay to the Clerk of this Court the costs of these proceedings. Failing herein, the respondent shall be suspended from the practice of law in this state pending the further order of this Court.

It is further ordered that the Clerk of this Court shall cause a copy of this order to be served forthwith upon the respondent and upon his counsel of record, if any, by certified mail with return receipt requested.

Done in the City of Indianapolis, County of Marion, State of Indiana, this 2nd day of July, 1975.

Richard M. Givan, Chief Justice