**In the Matter of Thomas A. BROWN.**

**No. 685S245.**

Supreme Court of Indiana.

Aug. 20, 1987.

Allen C. Mattson, Hartford City, for respondent.

Sheldon A. Breskow, Executive Secretary, William Hussman, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This case is before the Court on a single count verified complaint for disciplinary action charging the Respondent with misconduct while serving as attorney for the Executrix of an estate. Respondent is charged with violating Disciplinary Rules 6–101(A)(1), (2) and (3) of the *Code of Professional Responsibility for Attorneys at Law* by handling a legal matter which he was not competent to handle, with violating Disciplinary Rule 2–105(A) by charging a clearly excessive fee, with violating Disciplinary Rule 7–101(A)(3) by prejudicing or damaging his client during the course of representation and with violating Disciplinary Rules 1–102(A)(5) and (6) by engaging in conduct prejudicial to the administration of justice and conduct which reflects adversely on his fitness to practice law.

In accordance with the procedure set forth in Admission and Discipline Rule 23, this case was heard before a duly appointed Hearing Officer who now has tendered his findings, conclusions and recommendation. The Disciplinary Commission has petitioned for review contending that the findings are incomplete and the conclusions unclear. The Respondent has objected to a review insisting that the Hearing Officer's report should be accepted as submitted.

The review process employed in disciplinary proceedings involves our examination of the record, the Hearing Officer's findings and conclusions and any exceptions taken to the tendered matters. *In re McDaniel* (1984) Ind., 470 N.E.2d 1327; *In re Welke* (1984) Ind., 459 N.E.2d 725. Accordingly, upon review of this case, we now find that the Respondent is an attorney admitted to the Bar of this State and is, thus, subject to this Court's jurisdiction. On October 28, 1981, on behalf of the Executrix, Respondent opened the estate of Ralph Knoderer. The Respondent had prepared Ralph Knoderer's Will in which Crystal Knoderer, Ralph's wife, was named Executrix and sole heir. At the time of his death, Ralph Knoderer owned in his own name a checking account with balance of $1,100.39, a 1956 Chevrolet Sedan, valued at $500.00, miscellaneous personal effects and jewelry, valued at $100.00 and household furnishings valued at $918. The remainder of decedent's property was owned in joint tenancy with rights of survivorship with Crystal Knoderer. This consisted of the family residence and $140,000 in certificates of deposit and savings accounts.

The Respondent opened a supervised estate, although, because of the size of the probate estate, administration could have been unsupervised or dispensed with entirely. The Respondent also prepared an Indiana Inheritance Tax Schedule and paid $22.93 in tax. This amount was refunded to the estate because no tax was due and the filing of a return was not necessary. There was a question as to Mrs. Knoderer's understanding and handling of banking matters and household repairs and so the Respondent assisted her in paying some utility bills, transferring an account, accomplishing household repairs and conducting personal errands.

During the pendency of the estate, the Respondent presented to Mrs. Knoderer two unitemized bills totalling $5,678.52, which she paid. He did not submit to the trial court a request for allowance of such fees. Mrs. Knoderer's daughter, Carol Vadnais, became concerned and involved in her mother's affairs. She met with the Respondent and questioned him about the fee requesting a refund. The Respondent offered to refund $1,675.52 over a period of 18 months, but Carol Vadnais found the offer insufficient. The Respondent later declined to make any refund because he felt that Carol Vadnais was acting without her mother's knowledge. Thereafter, Carol Vadnais, acting on behalf of Mrs. Knoderer and herself, filed with the court a letter objecting to, among other things, the attorney fees. Robert Knoderer, Mrs. Knoderer's son, also filed his objections to the fees. With the estate still not closed, Mrs. Knoderer discharged the Respondent and retained another attorney.

On September 27, 1983, the new attorney petitioned, on Mrs. Knoderer's behalf, for authority to administer the estate without supervision. The petition was approved and, on October 13, 1983, this new attorney filed a closing statement signed by Mrs. Knoderer. Because the Respondent had never filed for allowance of attorney's fees and because the estate was eventually closed as an unsupervised estate, the issue of attorney's fees was never heard by the probate court.

The issue of whether or not the fee charged by the Respondent is excessive is now before this Court, strictly within the context of this disciplinary proceeding. In this context the determination of a proper fee requires consideration of the interests of both client and lawyer. Ethical Consideration 2–17. Our system of free enterprise allows great latitude to parties contracting for the performance of legal services. This freedom, however, is tempered by a public policy concern that excessive cost of legal service deters the public from using the legal system in the protection of rights. Ethical Consideration 2–17. When a particular fee is in excess of what is deemed reasonable in the community, without there being any evidence of the factors enumerated in Disciplinary Rule 2–105(B), charging and collecting such a fee raises to the level of professional misconduct.

Examining the facts in this case, we find that the testimony of three attorneys, practicing probate law in the same county as the Respondent, placed the range of appro-

priate fee for performing the services required in an estate such as Knoderer's between $500 and $1,200. The Respondent charged and collected $5,678.52 as a non-contingent fee; the total probate estate was $2,618.39. This comparison is only one of several factors set out in Disciplinary Rule 2–105(B) which must be considered. The Respondent testified that he spent numerous hours dealing with Mrs. Knoderer's everyday problems. These services, however, were personal in nature and required no special legal skills. Nor do we find anything to suggest the existence of novel or difficult questions requiring special skills. In fact, this was an extremely simple matter which could have been handled without supervised administration. There is no evidence that this particular employment precluded the Respondent from other employment or that there were any specific or unreasonable time constraints imposed by the client. The Respondent does not claim, nor do we find, any indication of an extraordinary reputation or ability which would warrant the discrepancy in the fees. The Respondent had known the Knoderer family since his boyhood and had drafted the will but, again, we find nothing in this relationship to warrant the fee discrepancy.

In light of the foregoing findings and considerations, we conclude that charging a fee of $5,678.52 for services performed on behalf of Mrs. Knoderer in administering the estate is clearly excessive under the circumstances and is in violation of Disciplinary Rule 2–105(A).

The Hearing Officer did not enter any conclusions of law as to the other allegations of misconduct cited in the complaint. From an examination of the matters now before this Court, it appears that the Hearing Officer and the parties consider the primary question to be the excessiveness of the fee. The other issues have not been developed for analysis. This being the case, this Court now declines to enter any conclusions as to the other allegations of misconduct asserted in the complaint.

The Hearing Officer has recommended that the Respondent refund a portion of the fee and receive a private reprimand.

The Disciplinary Commission does not take issue with this recommendation.

While this Court may believe that in good conscience the Respondent should make restitution, a disciplinary proceeding cannot order Respondent to pay his client a fixed amount. *In re Ackerman* (1975), 263 Ind. 309, 330 N.E.2d 322. We note that at the time of the Hearing Officer's report, the Respondent had not refunded any portion of the fee. Our finding that the charge was clearly excessive, hopefully, will motivate the Respondent to meet his obligations. Should he fail to do so, the client will have to employ the remedies at law available for reimbursement of the unearned portion of the fee.

With regard to the appropriate disciplinary sanction, this Court is not bound by the recommendations of the Hearing Officer. The measure of discipline is within the discretion of this Court. *In re Gibbs* (1971), 256 Ind. 692, 271 N.E.2d 729. In the present case, Respondent's client, a woman not well versed in the business aspects of everyday life, placed her trust in the Respondent without any questions. By his conduct, the Respondent abused the attorney-client relationship and took advantage of his client. In light of the findings and conclusions, we find that a public reprimand is warranted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, Thomas A. Brown, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.

DeBRULER, J., dissents as to the sanction and would impose a private reprimand.