DISCIPLINARY ACTION
PER CURIAM.
This proceeding was initiated by the filing of a complaint by the Disciplinary Commission of this Court charging the Respondent, Anand K. Rajan, with misconduct under the Code of Professional Conduct for Attorneys at Law. As provided under Admission and Discipline Rule 23, a Hearing Officer was appointed, conducted a hear *1186 ing, and has now tendered his findings of fact and conclusions of law. The Disciplinary Commission has petitioned for review of the Hearing Officer's report as it relates to the disciplinary sanction recommended to this Court.
There being no objection to the tendered findings of fact, this Court now adopts and accepts as its own the Hearing Officer's findings. Accordingly, we now find that the Respondent obtained his B.A. degree from Allahabad University, Allahabad, India; his J.D. degree from the Law College of that University; and his LL.M. degree from George Washington University, Washington, D.C. In 1984 he was admitted to the Bar of this State. As an attorney admitted to practice in this State, the Respondent is subject to the disciplinary jurisdiction of this Court.
On February 20, 1985, the Respondent submitted an application for employment with the Pension Benefit Guaranty Corporation (PBGC), an agency of the United States of America. Respondent's application included a Standard Form 171 personal history statement which falsified his date of birth and the periods during which he attended undergraduate and graduate school, both in India and the United States. Also, the Respondent submitted a letter purporting to be from the National Law Center, George Washington University; this letter was altered to incorrectly reflect the dates of his attendance at that school. And additionally, in his submission the Respondent forwarded a purported transcript of his record from George Washington University; the transcript was altered by Respondent to incorrectly reflect his date of birth, the dates of his attendance at George Washington University, the dates of his attendance at other universities, and the date upon which his LL.M. was conferred.
Each of the misrepresentations of fact set forth above was submitted willfully to the PBGC by Respondent, with knowledge of its falsity and with the intent, thereby, to deceive that agency as to his true age, which was five (5) years older than as represented by the submission. These acts constituted a violation of 18 U.S.C. 1001 which provides as follows:
Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statement or representations, or makes or uses any false writing or doe-ument knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than five years, or both.
The Hearing Officer concluded that, by reason of the above stated findings of fact, the Respondent engaged in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct which adversely reflects on his fitness to practice law in violation of Disciplinary Rules 1-102(A)(8), (4) and (6) of the Code of Professional Responsibility. We concur in these conclusions of law.
In his report, the Hearing Officer reviewed the circumstances involved in this case and concluded that a public reprimand would be an appropriate disciplinary sanetion. This Court is not bound by this ree-ommendation. The measure of discipline is within the discretion of this Court. In re Brown (1987), Ind., 511 N.E.2d 1032; In re Gibbs (1971), 256 Ind. 692, 271 N.E.2d 729.
In this case, this Court has found that the Respondent deliberately misrepresented matters to a government agency. His conduct constituted a violation of law. We would be remiss in our obligation to preserve the integrity of the Bar were we not to view such conduct as serious. The Respondent's acts were wrong and clearly dishonest; the license to practice law demands a much higher standard of personal and professional conduct. Under these circumstances, we now conclude that a period of suspension is warranted.
It is therefore Ordered by this Court that, by reason of the professional misconduct found under the complaint filed in this ecause, the Respondent, Anand K. Rajan, be *1187 and hereby is suspended from the practice of law for a period of one year, beginning September 28, 1988.
Costs of this proceeding are assessed against the Respondent.